■ The People of the State of New York, Respondent, v. Richmond County News, Inc., Appellant.— Appeal by defendant from a judgment of the Court of Special Sessions of the City of New York, Borough of Richmond, rendered November 19, 1958, convicting it, after a trial, of violating section 1141 of the Penal Law (sale and distribution of obscene books and articles), and sentencing it to pay a fine of $250. The fine has been paid. Judgment reversed on the law and the facts, information dismissed, and fine remitted. We believe that the magazine here involved was obscene, as found by the trial court in its formal opinion in this case (*People* v. *Richmond County News,* 13 Misc 2d 1068). We disagree, however, with its finding and conclusion that knowledge of such obscenity must be imputed to the defendant. The only bases in the record for imputing such knowledge are the pictorial displays on the covers of the magazine and its title. In our opinion, such external displays and title do not necessarily invite defendant's further inquiry or investigation; they constitute an inadequate basis on which to impute knowledge to the defendant of the contents of the magazine. We conclude, therefore, that the proof in this case fails to establish beyond a reasonable doubt that defendant had knowledge of the obscene character of the magazine; and, in the absence of such proof, defendant's conviction cannot stand under the statute (Penal Law, § 1141; cf. *People* v. *Engel,* 7 N Y 2d 1002; *Smith* v. *California,* 361 U. S. 147). The dissenting memorandum calls attention to the fact that defendant on this appeal does not make the contention that it had no knowledge of the magazine's obscene contents. While defendant does not specifically raise the point, nevertheless the issue as to its scienter or knowledge pervades the appeal as it did the trial; and the District Attorney has endeavored to meet it here as he did on the trial. In any event, as indicated by the cases cited, proof of scienter is indispensable in order to support a conviction under the statute. Nolan, P. J., Ughetta, Christ and Pette, JJ., concur; Beldock, J., dissents and votes to affirm the judgment of conviction, with the following memorandum: Defendant is a wholesaler and distributor of magazines. It is the sole and exclusive distributor in Richmond County of the magazine in question, which defendant admits is in the "slick" category. It distributes about 65 or 70 "girly" or "slick" magazines. The trial court found that the magazine in question is obscene; that a casual inspection by defendant would have sufficed to put it on notice of the contents of the magazine; and that defendant may not evade responsibility by closing its eyes to what should have been apparent. Despite the fact that on this appeal defendant does not contend that it had no knowledge of the contents of the magazine (obviously on the ground that such contention would be a sham), the majority prefers to hold that defendant had no such knowledge. Circumstances "may warrant the inference that he [the defendant] was aware of what a book contained, despite his denial" (*Smith* v. *California,* 361 U. S. 147, 154). Defendant may not insulate itself against such knowledge, or exculpate itself by studious avoidance of knowledge of its contents (*Smith* v. *California, supra,* pp. 161–162). "A bookseller may  *  *  *  be well aware

of the nature of a book and its appeal without having opened its cover" (*Smith* v. *California, supra,* p. 164). In my opinion, the facts in this case, which involve a wholesaler and distributor rather than a candy store or newsstand operator, are such that this conviction may not be reversed on a ground which even this defendant does not seek to sustain.